EDGAR CARRANZA, ESQ.
Nevada Bar No. 5902
ASHLEY E. WALTERS, ESQ.
Nevada Bar No. 16338
MESSNER REEVES LLP
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
ecarranza@messner.com
awalters@messner.com

*Attorneys for Defendant*
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SYLVIA ROBERTSON, an individual;<br><br>Plaintiffs,<br>vs.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,<br><br>Defendants. | CASE NO.: |

## PETITION OF REMOVAL

Defendant, COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Costco" or "Defendant") by and through counsel, Edgar Carranza, Esq. and Ashley E. Walters, Esq. of the law firm MESSNER REEVES, LLP, hereby files this instant petition of removal of this action to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, states as follows:

MESSNER REEVES LLP

MESSNER REEVES LLP

### I.   FACTUAL AND PROCEDURAL HISTORY

1.      Plaintiff, SYLVIA ROBERTSON ("Plaintiff") is and was a resident of Clark County, Nevada; and is therefore a citizen of Nevada for the purposes of diversity.  *See* Summons and Complaint filed in the Eighth Judicial District Court for Clark County, Nevada, at ¶1, attached as "Exhibit A."

2.      Defendant, COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Costco") is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Washington, with its headquarters and principal place of business in the State of Washington.  *See* Defendant's NRCP 7.1 Disclosure Statement, attached as "Exhibit B."

3.      Plaintiff's Complaint was filed in the Eighth Judicial District Court for Clark County, Nevada on or about January 5, 2026.

4.      The Summons was issued on or about January 5, 2026, and served on January 7, 2026. *See* Summons, attached as "Exhibit C."

5.      Plaintiff filed a Demand for Jury Trial on January 5, 2026.  *See* Demand for Jury Trial, attached as "Exhibit D."

6.      Plaintiff's action alleges that on or about January 6, 2024, she was in the parking lot of Defendant's store located at 791 Marks St., Henderson, NV, 89014 when she was hit by a driver while she was in a Costco crosswalk.  *See* "Exhibit A" at ¶ 10-12.  Plaintiff asserts causes of actions of Negligence and Negligent Hiring, Training, Retention and Supervision at ¶ 21-43.

7.      In her Complaint, Plaintiff seeks an amount in excess of $15,000.00 for general damages, special damages, interest, attorney's fees and costs of suit.  *Id.* at 6:10-17.

8. On or about October 23, 2025, Plaintiff sent Defendant Costco a pre-litigation settlement demand and disclosed her total alleged future and past medical expenses were **$117,757.12**.

9. Defendant, COSTCO WHOLESALE CORPORATION, filed its Answer to the Complaint on January 26, 2026. *See* Answer, attached as "Exhibit E."

## II.    DIVERSITY JURISDICTION

10. Pursuant to 28 U.S.C. 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different states." *See*, 28 § U.S.C. 1332(a).

11. Pursuant to 28 U.S.C. § 1332(a)(1), this case may be removed to United State District Court for the District of Nevada because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

12. There is complete diversity in the matter as each Plaintiff was at all times relevant a citizen of Nevada. Costco Wholesale Corporation is a citizen of Washington.

13. Further, it is more likely than not that the amount in controversy will exceed $75,000.00. The preponderance of the evidence demonstrates that the amount in controversy can easily be reached based on the following factors: (1) Plaintiff is seeking general damages in an amount in excess of **$15,000.00**; (2) Plaintiff sent a pre-litigation settlement demand noting alleged future and past medical expenses of **$117,757.12**. Therefore, it is more likely than not that the factors addressed above meet the requisite amount in controversy under 28 U.S.C. § 1332(a).

14. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

15. Defendant respectfully requests this matter be removed to the United States District Court for the District of Nevada.

### III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

16.   28 U.S.C. § 1446(b)(1) states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

17.   28 U.S.C. § 1446(b)(3) states: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of **an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.)

18.   In addition, 28 U.S.C. § 1446(c)(2)(A)(ii) provides that for removal based on diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy except when the initial pleading seeks a monetary judgment, but the State practice, such as in Nevada, either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

19.   This instant Petition for Removal is timely in that it is filed within 30 days of Defendant Costco's Answer.  Defendant Costco filed the Notice for Removal once it appreciated that the amount in controversy would more likely than not exceed $75,000 via her pre-litigation settlement demand noting alleged future and past medical expenses of **$117,757.12** coupled with the Complaint's allegation of damages in excess of $15,000.

20.     This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and there is more than $75,000 in controversy, exclusive of interest and costs.

21.     Pursuant to the 28 U.S.C. § 1441, this action is one which may be removed to this Court.

22.     Pursuant to 28 U.S.C. § 1446(c)(1), the date for this removal is not more than one year after the June 20, 2025, commencement of the state court action.

23.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), there is only one defendant in this case who filed this instant notice of removal.

24.     A true and correct copy of this Petition of Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

25.     Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and orders served upon Defendant in the state court are attached hereto. *See* Complaint attached as "Exhibit A," Summons attached as "Exhibit C," Demand for Jury Trial attached as "Exhibit D," and Answer attached as "Exhibit E."

26.     Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant is entitled to remove this action to this Court.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

MESSNER REEVES LLP

**PRAYER**

27.     WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada.

DATED this 26 day of January, 2026.

MESSNER REEVES LLP

By: _____
EDGAR CARRANZA, ESQ. (NBN 5902)
ASHLEY E. WALTERS, ESQ. (NBN 16338)
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
*Attorneys for Defendant*
COSTCO WHOLESALE CORPORATION

MESSNER REEVES LLP

**CERTIFICATE OF SERVICE**

On this 26th day of January, 2026, pursuant to Administrative Order 14-2 and Rule 9 of the NEFCR, I caused the foregoing **PETITION OF REMOVAL** through CM/ECF system of the United States District Court for the District of Nevada (or if necessary, by U.S. mail, first class, postage prepaid upon the following:

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| KRISTOPHER M. HELMICK, ESQ.<br>KIRILL V. MIKHAYLOV, ESQ.<br>BOHDEN G. COLE, ESQ.<br>CHRISTOPHER L. CABANILLA, ESQ.<br>**PACIFIC WEST INJURY LAW**<br>8180 Rafael Rivera Way #200<br>Las Vegas, NV 89113<br>Kris@PacificWestInjury.com<br>Kirill@PacificWestInjury.com<br>Bohden@PacificWestInjury.com<br>Christopher@PacificWestInjury.com | Attorney for Plaintiffs | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ Electronic means |

_/s/ Patti Sherretts_
An employee of MESSNER REEVES LLP

MESSNER REEVES LLP

Page **7** of **7**