KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SYLVIA ROBERTSON, individually,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,

Defendants.

CASE NO.: 2:26-cv-00169-CDS-NJK

**STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LOCAL RULE 26-1**

Plaintiff, SYLVIA ROBERTSON, by and through her counsel of record, KIRILL V. MIKHAYLOV, ESQ. of PACIFIC WEST INJURY LAW, and Defendant, COSTCO WHOLESALE CORPORATION, by and through its counsel ASHLEY E. WALTERS, ESQ. of MESSNER REEVES LLP, conducted the initial case conference required pursuant to Fed.R.Civ.P. 26(f), and the Local Rules of Practice of the United States District Court for the District of Nevada, and submit the following discovery plan:

**I. <u>FED. R. CIV. P. 26(a) INITIAL DISCLOSURE</u>**

Parties have agreed to exchange initial disclosures no later than **March 25, 2026,** which is 14 days after the Rule 26 Conference was held. The parties expressly agree that any document productions shall be bates-stamped with the parties' respective identifying bates system. Other than this, no changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

## II. ESTIMATE OF TIME REQUIRED FOR DISCOVERY

### A. DISCOVERY CUT-OFF DATE

Discovery will take 180 days from January 26, 2026, which is the date Defendant filed its Answer, the first responsive pleading. Accordingly, all discovery must be completed no later than **July 27, 2026.** The parties may conduct discovery within the scope of Fed. R. Civ. P. 26(b). Subject to the foregoing, discovery need not be limited or focused on particular issues or conducted in phases.

### B. AMENDING THE PLEADINGS AND ADDING PARTIES

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date, and therefore not later than **April 28, 2026.**

### C. FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off date, and therefore not later than **May 28, 2026,** and disclosures of rebuttal experts shall be made 30 days after the initial disclosure of experts, and therefore not later than **June 29, 2026.**

### D. DISPOSITIVE MOTIONS

The parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore not later than **August 26, 2026.**

### E. PRETRIAL ORDER

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than **September 25, 2026**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

/ / /

/ / /

/ / /

**F. ALTERNATIVE DISPUTE RESOLUTION**

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

**G. ALTERNATIVE FORMS OF CASE DISPOSITION**

The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.

**H. ELECTRONIC EVIDENCE**

**1. <u>Electronically Stored Information and Electronic Service of Discovery</u>**

The parties have discussed the retention and production of electronic data. The parties consent to electronic service of any and all discovery documents. Said service shall be deemed completed by sending an email with the related discovery document(s) to all service addresses for counsel and counsel's staff on record with the court for the above-captioned matter at the time of service. The parties further agree, when serving by email, if any error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient(s) of the message and serve the pleading or other papers by other authorized means. This consent does not preclude counsel from serving discovery documents by mail in accordance with Fed. R. Civ. 5(b), including service of electronic files copied to compact disc or similar storage media. Whether served by e-mail or by mail, three additional days shall be added to the timeline within which to respond, as provided for in Fed. R. Civ. P. 6(d). To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.

The parties reserve the right to revisit this issue if a dispute or need arises.

**2. <u>Electronic Evidence Conference Certification</u>**

The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties discussed the presentation of evidence for juror deliberations but did not reach any stipulations as to that method as this early stage.

/ / /

## III. EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.

## IV. PROVIDING "SHELLS" OR WORD VERSIONS TO OPPOSING COUNSEL FOR ALL WRITTEN DISCOVERY PROPOUNDED

The parties agree that for each set of written discovery propounded upon the other, an accompanying "word" or "word perfect" version of said discovery set shall be provided in order to reduce the time and effort in having to type out the requests or interrogatories. The failure to do so does not deem service of the written discovery ineffective.

## V. PROTECTION OF PRIVILEGED/TRIAL PREPARATION MATERIAL

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes that the items are privileged or trial preparation materials, it will within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material.

The Parties anticipate the need for a Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

If the receiving party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

DATED this 11th day of March, 2026.

**PACIFIC WEST INJURY LAW**

*/s/ Kirill V. Mikhaylov*
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*

DATED this 11th day of March, 2026.

**MESSNER REEVES LLP**

*/s/ Ashley Walters*
EDGAR CARRANZA, ESQ.
Nevada Bar No. 5902
ASHLEY E. WALTERS, ESQ.
Nevada Bar No. 16338
8945 West Russell Road, Suite 300
Las Vegas, NV 89148
*Attorneys for Defendant*

**IT IS SO ORDERED.**

______________________________
**UNITED STATES MAGISTRATE JUDGE**

**From:** Ashley E. Walters
**To:** Erin L. Wood; Edgar Carranza
**Cc:** Kirill Mikhaylov, Esq.
**Subject:** RE: 2:26-cv-00169 | Robertson vs. Costco Wholesale Corporation - Discovery Plan & Proposed Scheduling Order
**Date:** Wednesday, March 11, 2026 5:12:14 PM

You don't often get email from awalters@messner.com. Learn why this is important

You have my permission to use my e-signature.

Thanks,
**ASHLEY E. WALTERS**
Attorney
**Messner Reeves LLP**
**O:** 702.363.5100 **E:** awalters@messner.com
8945 W. Russell Road, Suite 300, Las Vegas, NV 89148

---

**From:** Erin L. Wood <Erin@PacificWestinjury.com>
**Sent:** Wednesday, March 11, 2026 4:57 PM
**To:** Ashley E. Walters <AWalters@messner.com>; Edgar Carranza <ECarranza@messner.com>
**Cc:** Kirill Mikhaylov, Esq. <Kirill@PacificWestinjury.com>
**Subject:** 2:26-cv-00169 | Robertson vs. Costco Wholesale Corporation - Discovery Plan & Proposed Scheduling Order
**Importance:** High

**[ CAUTION: This Email is from an External Sender ]**

---

Dear Counsel:

Attached please find the Stipulated Discovery Plan and Proposed Scheduling Order Submitted in Compliance with Local Rule 26-1 for your review.

*__Please note that this is due TODAY.__*

If you do not have any necessary revisions, please advise if we may affix your electronic signature for filing.

Thank you,

Erin L. Wood
Paralegal

**Pacific West Injury Law**
702-602-HURT
8180 Rafael Rivera Way, #200

Las Vegas, NV 89113

206-400-9000
3625 Woodland Park Ave. N #101
Seattle, WA 98103

Confidentiality Notice: This message and any attachments are for the named person's use only. The message and any attachment may contain confidential, proprietary, or privileged information. No confidentiality or privilege is waived or lost by any mistransmission. If you receive this message in error, please immediately notify the sender, delete all copies of it from your system, and destroy any hard copies of it. Please do not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. Further, this message shall not be considered, nor shall it constitute an electronic transaction, non-paper transaction, and/or electronic signature under any and all electronic acts including the Uniform Electronic Transfer Act and/or the Electronic Signatures in Global and National Commerce Act.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.