Edgar Carranza, Esq. (5902)
Tiffanie Bittle, Esq., (15179)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
ecarranza@hutchlegal.com
tbittle@hutchlegal.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SYLVIA ROBERTSON, an individual;<br><br>Plaintiff<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-00169-CDS-NJK<br><br>Dept. No.: |

**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER**

**(First Request)**

Plaintiff, SYLVIA ROBERTSON (hereinafter referred to as "Ms. Robertson" or "Plaintiff"), by and through counsel, Kristopher M. Helmich, Esq. and Kirill Mikhaylov, Esq. of Pacific West Injury Law, and Defendant, COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Costco" or "Defendant"), by and through counsel, Edgar Carranza, Esq. and Tiffanie C. Bittle, Esq. of the law firm HUTCHISON & STEFFEN, PLLC, hereby submit

the instant stipulation and order to extend the Discovery Plan and Scheduling Order pursuant to Local Rule II 26-4 as follows:

## I. GOOD CAUSE SUPPORTING THE EXTENSION

The parties come to this Court seeking a first extension of the Discovery Plan and Scheduling Order governing this premises liability/personal injury case. The parties have diligently begun to move this case forward, but significant discovery remains to be completed which warrants the requested extension.

### A. SUMMARY OF EFFORTS THUS FAR.

This lawsuit involves allegations that Plaintiff, SYLVIA ROBERTSON suffered personal injuries after she was struck by a motor vehicle driven by a non-party in the parking lot of the Costco warehouse, located at 791 Marks St., Henderson, NV, 89014.

On January 5, 2026, Plaintiff filed her Complaint against Costco with the Eighth Judicial District Court for Clark County, Nevada. On January 26, 2026, Costco filed its Answer denying Plaintiff's allegations and denying all liability for the injuries.

Also on January 26, 2026, Costco filed its Petition for Removal and removed the matter to this Court based on diversity jurisdiction.[1] On February 10, 2026, Costco filed its Statement Regarding Removal.[2]

The parties participated in the Fed. R. Civ. P. 26(f) conference and filed their proposed Joint Discovery Plan and Scheduling Order which was entered by the Court on March 12, 2026.[3]

Immediately thereafter, the parties began their discovery efforts. The parties exchanged their respective Fed. R. Civ. P. 26 disclosures with Plaintiff serving her disclosures on March

---

[1] Doc. No. 1.
[2] Doc. No. 5.
[3] Doc. No. 8.

17, 2026, and Costco serving its disclosures on March 26, 2026. Both parties made substantive disclosures of available material and identified witnesses with pertinent knowledge.

Costco then served its first set of interrogatories and requests for production to Plaintiff on May 7, 2026. Responses have not yet been served but are expected in accordance with the applicable rules.

**B. GOOD CAUSE.**

This is a personal injury matter that will require significant effort by both parties to complete discovery. Plaintiff has already identified past medical expenses of **$73,371.12** and future medical expenses of **TBD**. Significant effort will be required to address each of the damage components, and the liability portion of this case.

The parties have been diligently moving discovery forward but there are important medical records outstanding that may directly affect medical provider depositions needed and resolution efforts. Defendant Costco is preparing to set Custodian of Records depositions to 20 health care providers thus far identified by Plaintiff. As the medical records are received, supplemental disclosures will be served to provide the records to all parties.

Costco intends to schedule deposition of Plaintiff upon completion of securing the medical records. Costco has already requested available dates for Plaintiff's deposition, and the dates are expected to be provided in short order.

Plaintiff will schedule deposition of Costco personnel who were involved in the incident at issue. She will also likely complete the deposition of Costco's Rule 30(b)(6) witness on topics to be specified.

The parties also anticipate that the depositions of several of Plaintiff's treating physicians to follow the completion of the fact related depositions.

Both sides anticipate the need to disclose expert witnesses and the appropriate

disclosures within the time period allowed. The outstanding records are also required to retain medical experts. This will, no doubt, be followed by the deposition of the parties' respective experts. Due to the schedules of counsels and witnesses, parties are unable to complete these depositions prior to the current expert disclosure deadline.

Counsel for Costco transferred his law practice in mid-April 2026, and despite best efforts to avoid delays, the logistics of the move impacted its ability to engage in discovery during a 2-3 week period. The transfer is now complete and no other delays are expected as a result of the same.

## II. DISCOVERY COMPLETED TO DATE

In accordance with LR II 26-4(a), the Parties provide the following statement of discovery completed to date:

A. Plaintiff's Discovery.

1. Fed. R. Civ. P. 26(f) conference.
2. Joint Discovery Plan and Scheduling Order on 03-12-26.
3. Plaintiff's FRCP 26 initial disclosures served 03-17-26.

B. Defendant's Discovery.

1. Fed. R. Civ. P. 26(f) conference.
2. Joint Discovery Plan and Scheduling Order on 03-12-26.
3. Costco's FRCP 26 initial disclosures served 03-26-26.
4. Costco's First Set of Interrogatories to Plaintiff served 05-07-26.
5. Costco's First Set of Requests for Production to Plaintiff served 05-07-26.

## III. DISCOVERY REMAINING TO BE COMPLETED.

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

A. Plaintiff's remaining discovery.

1. Plaintiff must respond to Costco's first set of interrogatories.

2. Plaintiff must respond to Costco's first set of requests for production.
3. Plaintiff intends to serve interrogatories to Costco.
4. Plaintiff intends to serve requests for production to Costco.
5. Plaintiff must designate initial experts and produce the required report and materials.
6. Plaintiff must designate rebuttal experts and produce the required report and materials.
7. Deposition(s) of Costco's experts must be taken.
8. Depositions of Costco's personnel.
9. Deposition of Costco's 30(b)(6) witness.

B. Defendant's remaining discovery:

1. Set Custodian of Record Depositions for Plaintiff's 20 health care providers.
2. Respond to Plaintiff's first set of interrogatories (once served).
3. Respond to Plaintiff first set of requests for production (once served).
4. Deposition of Plaintiff.
5. Deposition of driver.
6. Deposition of percipient witnesses.
7. Depositions of Plaintiff's treating providers.
8. Costco must designate initial experts and produce the required report and materials.
9. Costco must designate rebuttal experts and produce the required report and materials.
10. Deposition(s) of Plaintiff's expert must be taken.

## IV. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

As referenced above, the parties initially devoted some time to removing the case to this Court. Plaintiff filed her Complaint against Costco with the Eighth Judicial District Court for Clark County, Nevada on January 5, 2026, and on January 26, 2026, Costco filed its Answer.

Also on January 26, 2026, Costco filed its Petition for Removal and removed the matter to this Court based on diversity jurisdiction.[4] On February 10, 2026, Costco filed its Statement Regarding Removal.[5]

After completion of the removal process, the parties participated in the Fed. R. Civ. P. 26(f) conference and filed their proposed Joint Discovery Plan and Scheduling Order which was entered by the Court on March 12, 2026.[6]

In the less than 2 months since discovery opened, the parties have been able to move this matter forward with the appropriate diligence. As detailed above, some discovery has been completed including the exchange of initial disclosures and service of written discovery from Costco to Plaintiff. Plaintiff similarly anticipates serving written discovery to Costco.

Once medical authorizations are received from Plaintiff, Costco intends to set the Custodian of Records depositions for each of the 20 health care providers identified by Plaintiff to secure independent copies of the medical records. Once the records are received and digested, Costco will take the deposition of Plaintiff and work towards completing the balance of the discovery identified above.

Finally, counsel for Costco transferred his law practice in mid-April 2026, and despite best efforts to avoid delays, the logistics of the move impacted its ability to engage in discovery during a 2-3 week period. The transfer is now complete, and no other delays are expected as a result of the move.

## V. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties respectfully submit that this constitutes good cause to extend the current deadlines by 90 days. The following is a list of the current discovery deadlines and the

[4] Doc. No. 1.
[5] Doc. No. 5.
[6] Doc. No. 8.

parties' proposed extended deadlines.

| SCHEDULED EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Discovery Cut Off | July 27, 2026 | **October 25, 2026** |
| Amend Pleadings/Add Parties | April 28, 2026 | **July 27, 2026** |
| Initial Expert Disclosures | May 28, 2026 | **August 26, 2026** |
| Rebuttal Expert Disclosures | June 29, 2026 | **September 26, 2026** |
| Dispositive Motions | August 26, 2026 | **November 24, 2026** |
| Joint Pre-Trial Order | September 25, 2026 | **December 24, 2026** |

This is the **first request** for extension of time in this matter and no trial date will be impacted by the extension as no such trial date has been set. The parties submit that the reasons set forth above constitute good cause for the requested extension.

DATED this 7th day of May, 2026.

**HUTCHISON & STEFFEN, PLLC**

By: */s/ Edgar Carranza*
Edgar Carranza, Esq.
Tiffanie C. Bittle, Esq.
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

DATED this 7th day of May, 2026

**Pacific West Injury Law**

By: */s/ Kirill Mikhaylov*
Kristopher M. Helmich, Esq.
Kirill Mikhaylov, Esq.
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Attorneys for Plaintiff
SYLVIA ROBERTSON

**IT IS SO ORDERED**.

Dated this ____ day of May 2026.

________________________________
UNITED STATES MAGISTRATE JUDGE

**Patti Sherretts**

---

**From:** Kirill Mikhaylov, Esq. <Kirill@PacificWestinjury.com>
**Sent:** Thursday, May 7, 2026 7:13 PM
**To:** Patti Sherretts
**Subject:** Re: [EXTERNAL]FW: [EXTERNAL]Costco adv. Robertson....

You may affix my electronic signature.

Thank you.

On May 7, 2026, at 7:09 PM, Patti Sherretts <psherretts@hutchlegal.com> wrote:

You don't often get email from psherretts@hutchlegal.com. Learn why this is important

Hello Mr. Mikhaylov:

Following up to Mr. Carranza's email regarding the proposed Stipulation to continue the scheduling order. Please advise if we have your authority to affix your electronic signature.

Thank you for your prompt reply.

Patti Sherretts
Legal Assistant
<logo_a397c367-463b-43b9-962a-e6d9866effaa.png>

HUTCHISON & STEFFEN, PLLC
(702) 385-2500
hutchlegal.com

**Notice of Confidentiality:** The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking any action in reliance upon, this information by anyone other than the intended recipient is not authorized..

---

**From:** Edgar Carranza <ecarranza@hutchlegal.com>
**Sent:** Thursday, May 7, 2026 2:54 PM
**To:** Patti Sherretts <psherretts@hutchlegal.com>; Kirill Mikhaylov, Esq. <Kirill@PacificWestinjury.com>
**Cc:** Erin L. Wood <Erin@PacificWestinjury.com>; Oleysa@PacificWestInjury.com; Tiffanie C. Bittle <tbittle@hutchlegal.com>
**Subject:** RE: [EXTERNAL]Costco adv. Robertson....

Thank you for your professional courtesy. I have attached the proposed stipulation to continue the scheduling order. Please review and let us know if you have any proposed changes/additions. If not, please confirm that we have your authority to include your e-signature and file with the Court.

Thank you again.

---

**From:** Patti Sherretts <psherretts@hutchlegal.com>
**Sent:** Thursday, May 7, 2026 2:37 PM
**To:** Kirill Mikhaylov, Esq. <Kirill@PacificWestinjury.com>
**Cc:** Erin L. Wood <Erin@PacificWestinjury.com>; Oleysa@PacificWestInjury.com; Edgar Carranza <ecarranza@hutchlegal.com>; Tiffanie C. Bittle <tbittle@hutchlegal.com>
**Subject:** RE: [EXTERNAL]Costco adv. Robertson....

Thank you.

---

**From:** Kirill Mikhaylov, Esq. <Kirill@PacificWestinjury.com>
**Sent:** Thursday, May 7, 2026 2:27 PM
**To:** Patti Sherretts <psherretts@hutchlegal.com>
**Cc:** Erin L. Wood <Erin@PacificWestinjury.com>; Oleysa@PacificWestInjury.com; Edgar Carranza <ecarranza@hutchlegal.com>; Tiffanie C. Bittle <tbittle@hutchlegal.com>
**Subject:** RE: [EXTERNAL]Costco adv. Robertson....

I'm agreeable.

Thank you.

---

**From:** Patti Sherretts <psherretts@hutchlegal.com>
**Sent:** Thursday, May 7, 2026 2:17 PM
**To:** Kirill Mikhaylov, Esq. <Kirill@PacificWestinjury.com>
**Cc:** Erin L. Wood <Erin@PacificWestinjury.com>; Oleysa@PacificWestInjury.com; Edgar Carranza <ecarranza@hutchlegal.com>; Tiffanie C. Bittle <tbittle@hutchlegal.com>
**Subject:** [EXTERNAL]Costco adv. Robertson....

Some people who received this message don't often get email from psherretts@hutchlegal.com. Learn why this is important

Hello Mr. Mikhaylov:

Please allow this email to follow up with Mr. Carranza's email of yesterday. Please advise if you are agreeable to extend the current scheduling order.

Thank you.

Patti Sherretts
Legal Assistant