**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Sylvia Robertson,
Plaintiff(s),
v.
Costco Wholesale Corporation,
Defendant(s).

Case No. 2:26-cv-00169-CDS-NJK

**Order**

[Docket No. 12]

Pending before the Court is a stipulation to extend all case management deadlines by 90 days. Docket No. 12.[1]

## I. BACKGROUND

Plaintiff brought this case against Costco alleging that she was struck by an inattentive non-party driver in Costco's parking lot. *See* Docket No. 1-1 at ¶¶ 12-18. Defendant removed the case to federal court on diversity grounds. Docket No. 1. On March 11, 2026, the parties held their Rule 26(f) conference, *see* Docket No. 8 at 1, at which time there was no impediment to proceeding with discovery, *see* Fed. R. Civ. P. 26(d)(1). During the next 56 days the parties exchanged the mandatory initial disclosures but did not engage in any affirmative discovery of any kind. The parties did not seek medical records from non-parties, Defendant did not obtain written authorizations for those records, the parties did not take any depositions, and the parties did not propound any written discovery. *See* Docket No. 12 at 2-3. On the 57th day, Costco served interrogatories and requests for production, the responses to which are not due until after the now-imminent initial expert disclosure deadline. *See* Docket No. 12 at 3, 7. The same day the written

[1] Although this case was brought initially in state court, the parties are now in federal court on removal. *See* Docket No. 1. Counsel must ensure that their filings conform to the rules that govern practice here, including providing a caption that correctly identifies this Court and omits information pertinent to state court only (such as the "Dept. No."). *Compare* Docket No. 12 at 1 *with* Local Rule IA 10-2.

discovery was served, the parties filed the pending stipulation explaining that, *inter alia*, they cannot meet the expert disclosure deadline without obtaining medical records. *See* Docket No. 12 at 3-4.

## II. STANDARDS

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[2] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citation omitted).[3] "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also, e.g.*, *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and

---

[2] Such a request is also governed by Local Rule 26-3.

[3] The Ninth Circuit has at times taken a softer approach to extensions in other contexts, such as briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule). Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3.

state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").

The governing good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). Extensions of case management deadlines are meant to arise from circumstances that could not have been reasonably foreseen at the time those deadlines were set. *See Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D.Cal.1999). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

When a request seeks to revive an expired deadline, an additional showing of excusable neglect must be made. *See* Local Rule 26-3. Although the excusable neglect analysis may address various factors, the failure to explain why the request could not have been made in a timely manner before the deadline expired is sufficient, standing alone, to deny the request for relief. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017).

The fact that a request to modify the scheduling order has been made jointly "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

## III. ANALYSIS

The Court begins its analysis with the request to modify the deadline to amend or add parties, which expired on April 28, 2026. The stipulation presents no reasoning of any kind as to why this relief is being sought or how it could be warranted. Most notably, no showing has been made as to excusable neglect, including the reason why this request was not filed before the subject

deadline expired. As such, the Court declines to revive this expired deadline. *See Branch Banking*, 871 F.3d at 765.

As to the unexpired deadlines, good cause has not been presented. The primary thrust of the stipulation is that the parties need medical records before they can procure expert reports or otherwise move into the next phases of the case. *See* Docket No. 12 at 5-6. That would seem an obvious circumstance in any personal injury case, which was presumably discussed by counsel two months ago at their Rule 26(f) conference. Asserting that medical records are required before advancing the case forward simply begs the question as to why meaningful efforts for those records did not already take place so that they could be procured in accordance with the current deadlines. No explanation is advanced, for example, as to why Plaintiff has apparently not even provided medical authorizations yet. *See* Docket No. 12 at 6 (identifying further discovery efforts to take place "[o]nce medical authorizations are received from Plaintiff"). The only discernible reason advanced in the stipulation is reference to counsel changing law firms, which impacted discovery during a "2-3 week period." *See id.* Such reasoning does not address the two-month period at issue and is woefully short to justify a 90-day extension.

## VI. CONCLUSION

For the reasons discussed above, the stipulation to extend case management deadlines is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 8, 2026

Nancy J. Koppe
United States Magistrate Judge